T.C. Memo. 2001-188

UNITED STATES TAX COURT

DONALD W. WOLGAMOTT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3320-00.                        Filed July 24, 2001.

Donald W. Wolgamott, pro se.

Julie L. Payne, for respondent.

MEMORANDUM OPINION

WOLFE, Special Trial Judge:  Respondent determined a
deficiency in petitioner's Federal income tax of $2,982 for
1997.[1]

Some of the facts have been stipulated and are so found,

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue.

except as noted below.  Petitioner resided in Seattle, Washington, on the date the petition was filed in this case.

During 1997, petitioner received $10,186 from the State of Washington as deferred compensation.  Petitioner failed to report any of this amount on his 1997 Federal income tax return.  In 1997, petitioner also received $3,072 from the State of Washington Employment Security Department as unemployment compensation.  Petitioner reported only $2,608 of unemployment compensation on his 1997 Federal income tax return.[2]  On his tax return, petitioner also understated the amount of wages withheld by $305.

Respondent's adjustments increase petitioner's wage income by $10,186, and his unemployment compensation by $464, and increase the amount of tax withholding by $305.  The deficiency notice determines an increase in tax of $2,982 and states that because of the increase to withholding petitioner owes additional tax of $2,677 for 1997.

Petitioner argues that because of "major computer problems"

---

[2]The parties stipulated that during 1997, petitioner received unemployment compensation of $3,072, and that none of it was reported on his Federal income tax return for 1997. Actually, petitioner reported $2,608 of unemployment compensation for 1997, and respondent seeks an adjustment to the amount of unemployment compensation of only $464 (the difference between $2,608 and $3,072).  Since the stipulation is clearly contrary to facts disclosed in the record to the extent of this mechanical error, we are not bound by the stipulation.  Jasionowski v. Commissioner, 66 T.C. 312, 318 (1976).

and the "possibility of a meltdown of software" at the Internal Revenue Service, he should not be required to pay taxes on the adjustments of income.

Section 61 provides that all income, from whatever source derived, is includable in gross income unless specifically excluded by another provision. Compensation for services is specifically included in the definition of gross income. Sec. 61(a)(1). Unemployment compensation is includable in gross income. Sec. 85(a). Petitioner has not stated any disagreement with these basic rules established by statute. He has stipulated the amounts omitted from his tax return. His only argument with respect to his taxes for 1997 is that respondent's computers sometimes make mistakes, so his return, as filed, is entitled to more credibility than the corrections set forth in respondent's deficiency notice. Since petitioner does not dispute the accuracy of the corrections made in this case, his generalized objections to the accuracy of respondent's computers as to other matters, whether true or not, are irrelevant to this case and without merit as objections to respondent's determinations.

In his oral argument, petitioner mentioned objections to the computation of amounts he owes to the Internal Revenue Service with respect to taxes for earlier years. Such matters are not relevant to our decision as to the amount at issue in these deficiency proceedings concerning petitioner's tax for 1997 and

in any other respect are not before this Court in these proceedings.

Accordingly, we conclude that petitioner is liable for the deficiency determined by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.